JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Lewis, on behalf of herself and all others similarly situated,

**DEFENDANTS**
American Limousine, Inc., et al.

**(b)** County of Residence of First Listed Plaintiff   Newark, Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Mahwah, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kalikhman & Rayz, LLC
1051 County Line Road, Suite "A" Huntingdon Valley, PA 19006
(215) 364-5030

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability / ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander   Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 835 Patent - Abbreviated   New Drug Application | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability / ☐ 368 Asbestos Personal | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine   Injury Product | | | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product   Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability / **PERSONAL PROPERTY** | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 190 Other Contract | Product Liability / ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury / ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury -   Product Liability | Leave Act | | ☐ 895 Freedom of Information |
| | Medical Malpractice | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate | | 26 USC 7609 | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/   Sentence | | | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Accommodations / ☐ 530 General | | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other / ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee -   Conditions of   Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 201 et seq.
Brief description of cause:
Violation of the Fair Standards Labor Act, 29 U.S.C. § 201 et seq.

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE  10/31/17

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o Kalikhman & Rayz, LLC 1051 County Line Rd., Suite "A" Huntingdon Valley, PA

Address of Defendant: 81 Franklin Turnpike Mahwah, NJ 07430

Place of Accident, Incident or Transaction: Eastern District of Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 29 U.S.C. § 201 et seq.

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Arkady "Eric" Rayz, Esq. , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 10/31/2017 _____   _____   87976
                                  Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/31/2017 _____   _____   87976
                                  Attorney-at-Law          Attorney I.D.#

CIV. 609 (6/08)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| LEWIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AMERICAN LIMOUSINE, INC., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)          (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )

| | | |
|---|---|---|
| _10/31/17_ | _____ | _Plaintiff_____ |
| **Date** | **Attorney-at-law** | **Attorney for** |
| | | |
| _(215) 364-5030_ | _(215) 364-5029_ | _erayz@kalraylaw.com_ |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHELIDA E. LEWIS, on behalf of herself and all others similarly situated,<br><br>                              Plaintiff,<br><br>          v.<br><br>AMERICAN LIMOUSINE, INC., d/b/a FLYTE TYME WORLDWIDE TRANSPORTATION; and DOE DEFENDANTS 1-10,<br><br>                              Defendant | Civil Action No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Shelida E. Lewis ("Lewis" or "Plaintiff"), on behalf of herself and all others similarly situated, alleges as follows:

**INTRODUCTION**

1.      This is class and collective action brought on behalf of "Drivers" (defined below) who work or have worked for American Limousine, Inc. d/b/a Flyte Tyme Worldwide Transportation ("Defendant" or "Flyte Tyme").

2.      Defendant Flyte Tyme, headquartered in Mahwah, NJ, with offices in New York City, NY, Princeton, NJ, Stamford CT, Los Angeles, CA, and San Francisco, CA, operates vehicles throughout the Flyte Tyme Service Area of New York, New Jersey, Pennsylvania, Connecticut, and California.  Flyte Tyme is the fourth largest limousine transportation provider in the United States.

3.      Defendant Flyte Tyme employs individuals to provide transportation services to the general public, "Drivers," who are and/or were subjected to Defendants' unlawful pay practices.

1

4.      As explained in detail below, Defendant systematically and willfully violated the Fair Labor Standards Act of 1938 ("FLSA" or the "Act"), as amended, 29 U.S.C. § 201 *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101 *et seq.*, by failing to pay its Drivers mandated minimum wages for all hours worked.

5.      Drivers are non-exempt employees, but paid an hourly wage below the mandated minimum wage.  In addition to their hourly wage, Drivers are eligible to earn commissions and receive tips from their customers.  However, Defendant may not credit the tips received by its Drivers as part of its minimum wage obligation because it has not properly notified its Drivers of its intention to utilize a "tip credit."  In addition, Drivers often earn little to no commissions during a workweek.

6.      Due to Defendants' unlawful failure to properly inform Tipped Employees of its intention to utilize a "tip credit," Defendants have improperly applied a "tip credit" against the wages paid to Plaintiff and current and former Tipped Employees, thus paying them less than the mandated minimum wage.

7.      As a result of the aforementioned pay practices, Plaintiff and the members of the Classes (defined below) were illegally under-compensated for their work.

## SUMMARY OF CLAIMS

8.      Plaintiff brings this action as a collective action to recover unpaid wages, pursuant to the FLSA.

9.      In particular, Plaintiff brings this suit on behalf of the following similarly situated persons:

> All current and former Drivers who have worked for Defendant in the United States within the statutory period covered by this Complaint, and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b)("Collective Class").

10.     In addition, Plaintiff also brings this action as a state-wide class action to recover unpaid wages, and failing to pay the applicable minimum wage, pursuant to the PMWA.

11.     Specifically, Plaintiff brings this suit on behalf of a class of similarly situated persons composed of:

> All current and former Drivers who have worked for Defendant in the Commonwealth of Pennsylvania during the statutory period covered by this Complaint (the "PA Class").

12.     The Collective Class and the PA Class are hereafter collectively referred to as the "Classes."

13.     Plaintiff alleges on behalf of the Collective Class that they are: (i) entitled to unpaid minimum wages from Defendant for hours worked for which Defendant failed to pay the mandatory minimum wage, as required by law and (ii) entitled to liquidated damages pursuant to the FLSA.

14.     Plaintiff alleges on behalf of the PA Class that Defendants violated the PMWA by failing to pay the appropriate minimum wages for all hours worked.

## **PARTIES**

15.     Plaintiff Lewis is a resident of the State of Delaware who was employed by Defendant as a Driver out of their location on Essington Ave in Philadelphia PA.  While employed as a Driver, Defendant failed to compensate Plaintiff properly for all hours worked.

16.     Pursuant to Section 216(b) of the FLSA, Plaintiff has consented in writing to be a plaintiff in this action.  (*See* Ex. A).

17.     Defendant Flyte Tyme is headquartered in Mahwah, NJ.

18.     Plaintiff is unaware of the names and the capacities of those defendants sued as DOES 1 through 10 but will seek leave to amend this Complaint once their identities become

3

known to Plaintiff.  Upon information and belief, Plaintiff alleges that at all relevant times each

defendant was the officer, director, employee, agent, representative, alter ego, or co-conspirator

of each of the Defendant.  In engaging in the alleged conduct herein, defendants acted in the

course, scope of, and in furtherance of the aforementioned relationship.  Accordingly, unless

otherwise specified herein, Plaintiff will refer to all defendants collectively as "Defendant" and

each allegation pertains to each of the defendants.

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §

1331 and 29 U.S.C. § 201 *et seq*.

20.     Further, this Court also has supplemental jurisdiction over Plaintiff's state law

claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of

operative facts.

21.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) as a substantial

part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial

district, and Defendants are subject to personal jurisdiction in this district.

22.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201 and 2202.

## FACTUAL ALLEGATIONS

23.     The crux of the FLSA and PA State Laws is, *inter alia*, that all employees are

entitled to be paid mandated minimum wages for all hours worked.

24.     Contrary to these basic protections, Plaintiff and the members of the Classes were

deprived of the mandated minimum wage for all hours they worked.

25.     Plaintiff and the members of the Classes are, or were, Drivers employed by

Defendant as non-exempt employees who were entitled to earn at least the mandated minimum

wage.

26.     However, Drivers employed by Defendant were paid an hourly rate less than the mandated minimum wage.

27.     Drivers employed Defendant occasionally earned tips from their customers. However, Defendant may not claim these tips as a credit towards its minimum wage obligations. As detailed below, employers bear the burden of satisfying the requirements of 29 CFR 531.59. As explained below, Defendant has failed to satisfy these requirements, and thus is precluded from taking a "tip credit."

28.     In addition to receiving tips, Drivers are eligible to earn commissions.  However, Drivers do not always earn commissions.  For those weeks in which Drivers earn little to no tips, Defendant does not adjust the hourly rate it pays its Drivers.  As a result Drivers work weeks whereby they earn less than the mandated minimum wage.

**Plaintiff's Experience Working For Defendant**

29.     As set forth above, Plaintiff was employed by Defendant as a Driver out of Defendant's Wanamaker Avenue location in Essington, Pennsylvania.

30.     Plaintiff worked as a Driver for Defendant from in or about May 2015 through December 2015.

31.     In performing her duties as a Driver, Plaintiff operated vehicles provided by Defendant.  Plaintiff did not use her own personal vehicle in providing services during her employment with Defendant.

32.     Plaintiff was typically credited for working anywhere from twenty (20) to thirty-six (36) hours per week.

33.     Importantly, Plaintiff was not credited for all hours worked.

34.     Plaintiff typically began her workday by first reporting to Defendant's location in Essington, Pennsylvania.

35.     Upon arrival at Defendant's location, Plaintiff would retrieve the car assigned to her for that day.  Plaintiff would undergo a checklist of items prior to leaving for her first pickup. This list included, but was not necessarily limited to, inspecting the car for damage, cleaning the car out, and putting gas in car.

36.     Upon completing her run through of the car Plaintiff would then depart Defendant's location for her first pick up.

37.     Plaintiff was not paid for the time spent inspecting the car prior to departing Defendant's location, nor for driving from Defendant's location to her first destination.

38.     Plaintiff often drove from Defendant's office to pick up passengers up to an hour away in areas such as Doylestown, Norristown, and Phoenixville.  Plaintiff was not paid for this time.

39.     Moreover, Plaintiff was required by Defendant to arrive her destination at least fifteen (15) minutes prior to the scheduled pick up time ("engaged to wait time").  Plaintiff was not paid for this time.

40.     Plaintiff's "clock-in" time, that is the time for which she was to start getting paid, did not begin until her passenger entered the car.

41.     Once the passenger entered the car, Plaintiff would begin her clock by using an application on an I-pad device.

42.     Plaintiff's work time ended upon dropping her passenger off of at their designated destination.

43.     Plaintiff was not credited or paid for the time she spent driving back to

Defendant's office after she dropped off her last passenger of the day.  Nor was Plaintiff paid for any of the travel to any of the pickups during her workday or any of the "engaged to wait time."

44.     Upon reaching Defendant's location after her final passenger drop off, Plaintiff would spend another 15 – 30 minutes of unpaid time performing post shift duties such as cleaning out the car and putting gasoline in the car.

45.     In sum, Plaintiff was credited, and paid, only for the time that a passenger was in the vehicle.

46.     Drivers, including Plaintiff, are owed minimum wages for, *inter alia*: (i) time spent at Defendant's location prior to departing for their first customer pickup performing pre-shift duties such as inspecting and cleaning the car; (ii) time spent driving from Defendant's location to their first passenger pickup; (iii) the fifteen minutes engaged to wait time; (iv)  time spent driving to their customer pickups throughout the workday; (v) time spent driving back to Defendant's office after their final customer drop-off for the day; and (vi) the time spent performing their end of shift duties such as cleaning the car.

47.     Plaintiff was initially paid an hourly cash wage rate from Defendant of $5.50 through the pay period ending September 20, 2016.  Thereafter Plaintiff was paid an hourly cash wage of $5.75.

48.     In addition to her hourly cash wage, Plaintiff earned minimal commissions on her routes, and had the opportunity to earn tips from customers who chose to leave her a gratuity.

49.     However, for the majority of her employment with Defendant Plaintiff failed to earn any commissions.  For example, a review of some of Plaintiff's paychecks evidences that Plaintiff was credited with little to no commissions for the pay periods ending 6/21/15 thru 7/5/15 and 7/19/15 thru 10/4/15.  Similarly, Plaintiff earned little to no commissions for the

weeks ending 11/8/15, 11/22/15, 11/29/15 and 12/6/15.  During these periods, Plaintiff failed to earn minimum wages for all hours worked.

50.     As explained above, Defendant is not entitled to take a credit towards its minimum wage obligations for the tips received by Plaintiff and the class of Drivers, because it failed to adhere to the "tip credit" requirements.

**The "Tip Credit" Provision & Requirements**

***FLSA Requirements***

51.     Under applicable law, in certain circumstances, it is permissible for an employer to take a "tip credit" and pay its employees less than the mandated minimum wage, provided that the employee's tips received from customers plus the "tip credit" wage paid by the employer equals at least the applicable minimum wage.[1]

52.     According to the Department of Labor's ("DOL") Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA) ("Fact Sheet #15"):

> the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13).

53.     As is made plain in Fact Sheet #15, in order to claim a "tip credit," the employer must comply with five strict notification requirements.

54.     First, the employer must notify the employee of the amount of the cash wage the employer is paying the tipped employee and that amount must equal at least $2.13 per hour.

55.     Second, the employer must notify the tipped employee of the amount the

---

[1] An employer is not relieved of their duty to pay an employee wages at least equal to the minimum wage by virtue of taking a tip credit or by virtue of the employee receiving tips from customers in an amount in excess of the applicable minimum wage.  Under no circumstances is the employer relieved of paying at least the minimum wage for all hours worked, regardless of how much an employee earns in tips.

employer is claiming as a "tip credit."   In accordance with the FLSA, the "tip credit" claimed cannot exceed $5.13 per hour.

56.     Third, the employer must inform the tipped employee that the "tip credit" claimed cannot exceed the actual amount of tips received by the employee.  In effect, the employer must inform the employee that the employee must still earn the mandated minimum of $7.25 per hour between the amount of the "tip credit" taken by the employer and the amount of tips earned by the employee.

57.     Fourth, the employer must notify the tipped employee that all tips received are to be retained by the employee except for a valid tip pooling arrangement.

58.     Finally, the tipped employee must be informed by the employer that the "tip credit" will not apply unless the employee has been informed of these provisions.

59.     An employer bears the burden of showing that it has satisfied all of the notification requirements before any tips can be credited against the employee's hourly wage.[2] If an employer cannot demonstrate its compliance with this notification requirement, no credit can be taken and the employer is liable for the full minimum wage.

60.     Further, where a tipped employee earns less in tips than the "tip credit" claimed, the employer is required to make up the difference.  Stated another way, if a tipped employee earns less than $5.12 per hour in tips (the maximum "tip credit" permissible where the employer pays the employee $2.13 per hour), the employer must raise that tipped employee's hourly cash component the necessary amount above $2.13 per hour so as to ensure that the employee earns at least $7.25 per hour – the mandated minimum wage.

---

[2] Courts have strictly construed this notification requirement.  Accordingly, some courts have held that a generic governmental poster (which is required by the DOL) does not satisfy the tip credit notification requirement.

61.     As set forth herein, Defendant failed to comply with certain of the FLSA's provisions regarding the claiming of a "tip credit."

***Pennsylvania's Requirements***

62.     Pennsylvania state law has a substantially similar requirement to the FLSA's tip notification requirements.  *See* 43 P.S. § 333.103(d).

63.     Importantly, however, Pennsylvania mandates a higher minimum cash wage and requires employers to pay at least $2.83 per hour.  Thus, under Pennsylvania law, the maximum "tip credit" is $4.42 per hour.[3]

64.     As such, an employer cannot be said to have complied with Pennsylvania's "tip credit" notification requirements where the employer simply relies on Department of Labor mandated posters as said posters do not explicitly identify the "tip credit" amount in Pennsylvania (as it differs from the FLSA "tip credit" amount).

65.     In addition, 34 Pa. Code § 231.34 also requires employers to maintain payroll records that contain the following information:

(a)     A symbol or letter placed on the pay records identifying each employee whose wage is determined in part by tips;

(b)     Weekly or monthly amount reported by the employee, to the employer, of tips received.  This may consist of reports made by the employees to the employer on IRS Form 4070;

(c)     Amount by which the wages of each tipped employee have been deemed to be increased by tips, as determined by the employer, not in excess of 45% of the applicable statutory minimum wage until January 1, 1980 and

---

[3] Like the FLSA, Pennsylvania law states that the tip credit claimed by the employer cannot exceed the amount of tips actually received by the employee.  *See* 43 P.S. § 333.103(d).

thereafter 40% of the applicable statutory minimum wage;

(d)     Amount per hour which the employer takes as a "tip credit" shall be reported to the employee in writing each time it is changed from the amount per hour taken in the preceding week;

(e)     Hours worked each workday in any occupation in which the tipped employee does not receive tips and total daily or weekly straight-time payment made by the employer for such hours; and

(f)     Hours worked each workday in occupations in which the employee received tips and total daily or weekly straight-time earnings for the hours.

**Defendant's Failure to Notify Tipped Employees**

66.     As explained above, the DOL has very specific requirements regarding what an employer must notify his/her employee of if that employer intends to claim a "tip credit."

67.     At no time did Defendant state to Drivers that it intended to take the "tip credit," nor the amount Defendant intended to claim as a "tip credit."

68.     The Third Circuit and district courts across the country have held that where an employer fails to satisfy any one of the notification requirements, that employer forfeits the "tip credit" and must pay the employee the full minimum wage.

69.     Indeed, Plaintiff does not ever recall being notified by Defendant that they intended to take a "tip credit," nor how much that amount would be.  Evincing the magnitude of Defendants' abject failure to notify Drivers of any intention to take a "tip credit," until recently, Plaintiff never heard the term "tip credit."

70.     Defendants also failed to comply with 43 P.S. § 231.34 insofar as they failed to notify employees in writing whenever the "tip credit" claimed by Defendant changed.

71.     Defendants also failed to comply with 43 P.S. § 231.34 insofar as they failed to notify employees in writing of the hours worked where the Driver did not receive tips.

**Drivers Are Non-Exempt Employees**

72.     Plaintiff's primary duty was providing prearranged passenger transportation for Defendant's customers.

73.     Drivers primarily drove sedans which were designed and used to transport less than 9 passengers including the driver.

74.     Plaintiff primarily drove a Chrysler 300, but on occasions drove a cargo van that could carry 15 people.

75.     The vehicles operated by Drivers, including Plaintiff, did not include a taxi meter.

76.     Defendant Flyte Tyme is not a licensed taxicab company.

77.     The passengers driven by Drivers, including Plaintiff, were pre-arranged pickups.

78.      The fares charged by Drivers, including Plaintiff, were based on a flat rate as opposed to a meter rate.

79.     Drivers, including Plaintiff, did not manage or supervise other employees, nor did they have the authority to hire or fire other employees.

80.     Drivers, including Plaintiff, did not exercise discretion or independent judgment over matters of significance on behalf of Defendant.

81.     Accordingly, Drivers, including Plaintiff, were/are, within the meaning of the FLSA and PMWA, non-exempt hourly employees of Defendant entitled to make at least the mandated minimum wage for all hours worked.

## CLASS & COLLECTIVE ACTION ALLEGATIONS

82.     Plaintiff brings this action on behalf of the Collective Class as a collective action pursuant to Sections 207 and 216(b) of the FLSA.  Plaintiff also brings this action as a class

action pursuant to Fed.R.Civ.P. 23 on behalf of herself and the PA Class for claims under the PA State Laws.

83.     The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).  The claims brought pursuant to the PA State Laws may be pursued by all similarly-situated persons who do not opt-out of the PA Class pursuant to Fed.R.Civ.P. 23.

84.     Upon information and belief, the members of each of the Classes are so numerous that joinder of all members is impracticable.  While the exact number of the members of these Classes is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are over 30 individuals in each of the Classes.

85.     Defendant has acted or has refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole, appropriate.

86.     The claims of Plaintiff are typical of the claims of the Classes she seeks to represent.  Plaintiff and the members of the Classes work or have worked for Defendant and were subject to the same compensation policies and practices.

87.     Common questions of law and fact exist as to the Classes that predominate over any questions only affecting them individually and include, but are not limited to, the following:

        (a)     whether Defendant has failed to pay the full minimum wage for each hour worked;

        (b)     whether Defendant satisfied each of the requirements in order to claim a "tip credit" against each hour worked;

        (c)     whether Defendants were precluded from claiming the "tip credit" during

13

the period encompassed by this Complaint; and

(d)     whether Plaintiff and members of the Classes are entitled to compensatory

damages, and if so, the means of measuring such damages.

88.     Plaintiff will fairly and adequately protect the interests of the Classes as her

interests are aligned with those of the members of the Classes.  Plaintiff has no interests adverse

to the Classes she seeks to represent, and has retained competent and experienced counsel.

89.     The class action/collective action mechanism is superior to other available

methods for a fair and efficient adjudication of the controversy.  The damages suffered by

individual members of the Classes may be relatively small when compared to the expense and

burden of litigation, making it virtually impossible for members of the Classes to individually

seek redress for the wrongs done to them.

90.     Plaintiff and the Classes she seeks to represent have suffered and will continue to

suffer irreparable damage from the illegal policy, practice and custom regarding Defendant's pay

practices.

91.     Defendant has violated and, continues to violate, the FLSA.

92.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA

within the meaning of 29 U.S.C. § 255(a) and willful violation of the PMWA.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATIONS**
**(On Behalf of the Collective Class)**

93.     Plaintiff, on behalf of herself and the Collective Class, re-alleges and incorporates

by reference the paragraphs above as if they were set forth again herein.

94.     At all relevant times, Defendant has had gross revenues in excess of $500,000.

95.     At all relevant times, Defendant has been and continues to be, an employer

engaged in interstate commerce, within the meaning of the FLSA.

96.     At all relevant times, Defendant has employed, and/or continues to employ, Plaintiff and each of the Collective Class Members within the meaning of the FLSA.

97.     Pursuant to Defendant's compensation policies, Defendant failed to pay Drivers the federally-mandated minimum wage.

98.     In addition, Defendant failed to pay Drivers and Plaintiff for all hours worked.

99.     Defendant has violated and, continues to violate, the FLSA.

100.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

101.     Due to Defendant's FLSA violations, Plaintiff, on behalf of herself and the members of the Collective Class, are entitled to recover from the Defendant, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## PENNSYLVANIA MINIMUM WAGE ACT– MINIMUM WAGE VIOLATIONS
### (On Behalf of the PA Class)

102.     Plaintiff, on behalf of herself and the members of the PA Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

103.     At all relevant times, Defendant has employed, and/or continues to employ, Plaintiff and each of the PA Class Members within the meaning of the PMWA.

104.     Pursuant to Defendant's compensation policies, Defendant failed to pay Drivers the Pennsylvania mandated minimum wage.

105.     In addition, Defendant failed to pay Drivers and Plaintiff for all hours worked.

106.     Defendant has violated and, continues to violate, the PMWA.

107.    Due to the Defendant's violations, Plaintiff, on behalf of herself and the members of the PA Class, are entitled to recover from Defendant the amount of unpaid minimum wages, interest, attorneys' fees, and costs.

**THIRD CLAIM FOR RELIEF**
**PENNSYLVANIA WAGE PAYMENT COLLECTION LAW**
**(On Behalf of the PA Class)**

108.    Plaintiff, on behalf of herself and the members of the PA Class, re-alleges and incorporates by reference the paragraphs above as if they were set forth again herein.

109.    At all relevant times, Defendant has employed, and/or continues to employ, Plaintiff and each of the PA Class Members within the meaning of the WPCL.

110.    Pursuant to the WPCL Plaintiff and the members of the PA Class were entitled to receive all compensation due and owing to them on their regular payday for all hours worked.

111.    As a result of Defendant's unlawful policies, Plaintiff and the members of the PA Class have been deprived of compensation due and owing.

112.    Plaintiff, on behalf of herself and the members of the PA Class, are entitled to recover from Defendant the amount of unpaid compensation, and an additional amount of 25% of the unpaid compensation as liquidated damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and/or on behalf of herself and all other similarly situated members of the Collective Class and members of the PA Class respectfully requests the Court grant the following relief:

A.    Designation of this action as a collective action on behalf of the Collective Class, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

16

B.      Designation of the action as a class action under Fed.R.Civ.P. 23 on behalf of the PA Class;

C.      Designation of Plaintiff as representative of the Collective Class and the PA Class;

D.      Designation of Plaintiff's counsel as class counsel for the Collective Class and the PA Class;

E.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and PMWA;

F.      An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

G.      An award of unpaid minimum wages to Plaintiff and the members of the Classes;

H.      An award of unpaid overtime wages to Plaintiff and the members of the Classes;

I.      An award of liquidated damages to Plaintiff and members of the Classes;

J.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff and members of the Classes; and

K.      Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the Complaint.

**(SIGNATURE ON THE NEXT PAGE)**

Date: <u>October 31, 2017</u>

Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

_____
Arkady "Eric" Rayz
Demetri A. Braynin
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone:  (215) 364-5030
Facsimile:  (215) 364-5029
E-mail: erayz@kalraylaw.com
E-mail: dbraynin@kalraylaw.com

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III
Robert J. Gray
2200 Renaissance Blvd., Suite 275
King of Prussia, PA 19406
Telephone: (610) 822-3700
Facsimile: (610) 822-3800
Email: gwells@cwglaw.com
Email: rgray@cwglaw.com

Counsel for Plaintiff and the Proposed Class

# EXHIBIT "A"

## CONSENT TO BECOME A PARTY PLAINTIFF

1.    I, _SHELIDA Lewis_, consent to sue as a Plaintiff in this action, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

2.    During the applicable period, I was an employee of Defendants and was not paid properly for all hours worked.

3.    By my signature below, I hereby authorize counsel to prosecute the claims in my name and on my behalf, in this action, for Defendants' failure to pay all wages due and owing in accordance with federal law.

_10/14/2017_
Date

_SHELIDA Lewis_
Print Name

_Shelida Lewis_
Signature